[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15262
_____

D.C. Docket No. 4:10-cr-00024-HLM-WEJ-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHESTER RAY SLAUGHTER,
a.k.a. Raymond Johnson,
a.k.a. Poparay,

Defendant-Appellant.
_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 11, 2013)

Before MARCUS and MARTIN, Circuit Judges, and GOLD,[*] District Judge.

MARTIN, Circuit Judge:

_____

[*] Honorable Alan S. Gold, United States District Judge for the Southern District of Florida, sitting by designation.

Chester Ray Slaughter appeals his convictions for use of the internet to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b), and commission of a felony involving a minor while being required to register as a sex offender, in violation of 18 U.S.C. § 2260A.  On appeal, Mr. Slaughter argues that the District Court erred in failing to suppress his statement to law enforcement officers, and in denying his request for separate trials on each count.  He also argues that his § 2260A conviction must be reversed because a violation under that provision requires offense conduct involving an "actual minor."[1]  After careful review, and with the benefit of oral argument, we affirm Mr. Slaughter's convictions.

## I.     BACKGROUND

On April 28, 2010, Mr. Slaughter, a registered sex offender, entered the "Casual Encounters" section of the website Craigslist.com.  There he found, and

---

[1]  Mr. Slaughter raises two additional issues "for purposes of further review": (1) whether Congress exceeded its authority under the Tenth Amendment and the Commerce Clause when it enacted 18 U.S.C. §§ 2422(b) and 2260A; and (2) whether it is legally impossible to violate § 2422(b) without offense conduct involving an individual younger than eighteen years old.  Regarding § 2422(b), Mr. Slaughter concedes that these arguments are foreclosed by our Circuit's precedent.  See United States v. Hornaday, 392 F.3d 1306, 1310–11 (11th Cir. 2004) (rejecting appellant's argument that § 2422(b) exceeds Congress's power under the Commerce Clause); United States v. Williams, 121 F.3d 615, 620 (11th Cir. 1997) (holding that, necessarily, a federal statute that is lawful under the Commerce Clause does not violate the Tenth Amendment); United States v. Root, 296 F.3d 1222, 1227 (11th Cir. 2002) (holding that a defendant may be convicted of § 2422(b) without having engaged in conduct involving an actual minor), superseded by statute on other grounds as recognized in United States v. Jerchower, 631 F.3d 1181, 1186–87 (11th Cir. 2011).  Likewise, we reject Mr. Slaughter's additional argument that Congress exceeded its authority when it enacted § 2260A.  Cf. Hornaday, 392 F.3d at 1310–11.

responded by email to, a post by "Hanna," a fourteen-year-old girl seeking someone to buy beer for her and her fifteen-year-old friend in exchange for some "fun." Hanna was actually FBI Special Agent Ken Hillman, pretending to be an underage girl as part of an undercover task force to prevent and prosecute sex crimes against children. Agent Hillman responded to Mr. Slaughter's email and a nine-day correspondence ensued. In a flurry of emails, Mr. Slaughter admitted to having a "daddy-daughter" fantasy, shared his intent to engage in sex acts with Hanna and her friend, and suggested renting a hotel room for that purpose. He knew that Hanna and her friend were each underage, and acknowledged the illegality of the acts he proposed, but stated that he was okay with the girls' ages "as long as we keep it a secret." Agent Hillman sent Mr. Slaughter a picture of a fourteen-year-old girl that he represented to be Hanna, and had a female agent posing as Hanna speak with Slaughter on the phone.

Mr. Slaughter and Hanna made plans to meet at a Hardees parking lot and then relocate to a hotel room. On May 7, the date of the planned meeting, Mr. Slaughter instructed Hanna to meet him instead at the Super 8 Hotel, Room 210. At 5:19 p.m., Agent Hillman and at least five local police officers knocked on the door to Room 210. Mr. Slaughter answered and was immediately tackled to the ground, handcuffed, and told that the officers intended to search his hotel room and car. Neither Agent Hillman nor the local police officers had warrants for Mr.

3

Slaughter's arrest, or the search of his hotel room.  Mr. Slaughter, however, signed a form authorizing the searches at 5:27 p.m.[2]

After the officers completed their searches, Agent Hillman took Mr. Slaughter to the Catoosa County Sheriff's office where he removed Slaughter's handcuffs and read him his rights under Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602 (1966).  Then, at 6:00 p.m., Mr. Slaughter signed a Miranda waiver and consented to a videotaped interview with Agent Hillman.  Mr. Slaughter did not ask questions about the waiver form, did not indicate that he failed to understand the waiver, and did not attempt to invoke any of his Miranda rights.  During the interview, Mr. Slaughter admitted his daddy-daughter fantasy, and that he tried to entice the girls to meet him at the hotel.  Mr. Slaughter also identified both e-mail addresses he used to contact Hanna, and provided the passwords to both accounts.

Before trial, Mr. Slaughter moved to suppress his statement to Agent Hillman.  The District Court denied the motion, holding that although the agents' warrantless entry into Mr. Slaughter's hotel room violated the Fourth Amendment, his statement was admissible under New York v. Harris, 495 U.S. 14, 110 S. Ct. 1640 (1990).  Looking to Harris, the District Court reasoned that the agents had

---

[2]  Upon Mr. Slaughter's motion the physical evidence recovered from these searches was suppressed at trial because the agents' warrantless entry into Slaughter's hotel room violated the Fourth Amendment, and Slaughter's consent to search was insufficient "to purge the primary taint of the unlawful invasion."  See Wong Sun v. United States, 371 U.S. 471, 486, 83 S. Ct. 407, 417 (1963); see also United States v. Santa, 236 F.3d 662, 676–77 (11th Cir. 2000).

probable cause to arrest Slaughter for enticement of a minor, and that Mr. Slaughter voluntarily gave the statement.

At Mr. Slaughter's trial, the government played a redacted version of his interview. Mr. Slaughter's statements from the interview also factored significantly in the government's opening and closing arguments. Indeed, with regard to Count Two (commission of a felony involving a minor while being required to register as a sex offender), the only other evidence presented to the jury was a stipulation that Mr. Slaughter was registered as a sex offender at the time he attempted to entice the girls to the hotel.

## II.    DISCUSSION

### A. SUPRESSION OF MR. SLAUGHTER'S STATEMENT

Mr. Slaughter argues that the District Court erred in admitting his custodial statement to Agent Hillman under Harris. "A district court's ruling on a motion to suppress presents a mixed question of law and fact. We review the district court's findings of fact for clear error and its application of the law to the facts de novo." United States v. Lopez-Garcia, 565 F.3d 1306, 1312–13 (11th Cir. 2009) (quotation marks and citation omitted). Evidence, including statements, obtained from a defendant as a result of an illegal search may be suppressed as "fruit" of the illegal search. See United States v. Terzado-Madruga, 897 F.2d 1099, 1112–13 (11th Cir. 1990). However, the Supreme Court has also made clear that in certain

5

circumstances, statements taken following a violation of the Fourth Amendment are not subject to being suppressed. See, e.g., Harris, 495 U.S. at 21, 110 S. Ct. at 1644–45. We must decide whether this is one of those circumstances.

Harris involved the admissibility of a custodial statement in circumstances substantially similar to these here. In Harris, the police illegally entered the defendant's home and arrested him based on probable cause to believe that he had recently committed murder. Id. at 15–17, 110 S. Ct. at 1642. Later, at the police station, the defendant waived his Miranda rights and provided a statement. Id. at 16, 110 S. Ct. at 1642. Over the defendant's objection, the trial court allowed this statement to come into evidence. See id. at 16, 110 S. Ct. at 1642. The Supreme Court approved of the trial court's evidentiary ruling, holding that "where the police have probable cause to arrest a suspect, the exclusionary rule does not bar the State's use of a statement made by the defendant outside of his home, even though the statement is taken after an arrest made in the home in violation of [the Fourth Amendment]." Id. at 21, 110 S. Ct. at 1644–45. Significantly for Mr. Slaughter, the Supreme Court also noted that "[f]or Fourth Amendment purposes, the [outcome would be] the same . . . had the police arrested Harris on his doorstep, illegally entered his home to search for evidence, and later interrogated Harris at the station house." Id. at 18, 110 S. Ct. at 1643.

6

In this case, like Harris, agents had probable cause to arrest Mr. Slaughter. After his arrest, they removed Mr. Slaughter to the station house where they gave him his Miranda warnings. Mr. Slaughter then waived his Miranda rights and voluntarily gave his statement to Agent Hillman. We see no basis for ignoring the Supreme Court's admonishment that a statement made under this circumstance is not subject to the exclusionary rule. See id. at 21, 110 S. Ct. at 1644–45. Thus, we hold that the District Court properly denied Mr. Slaughter's motion to suppress his custodial statement to Agent Hillman.

## B. SEVERANCE OF COUNTS ONE AND TWO

Next, Mr. Slaughter argues that the District Court erred when it denied his motion to order separate trials for each of the two counts with which he was charged. "We undertake a two-step analysis to determine whether separate charges were properly tried at the same time." United States v. Hersh, 297 F.3d 1233, 1241 (11th Cir. 2002). First, we review de novo whether the counts were properly joined under Federal Rule of Criminal Procedure 8(a). Id. Second, we must determine whether the District Court abused its discretion under Federal Rule of Criminal Procedure 14 by denying the motion to sever. Id. In order to justify reversal of a District Court's denial of a motion to sever, "the appellant must demonstrate that he received an unfair trial and suffered compelling prejudice. This is a heavy burden, and one which mere conclusory allegations cannot carry."

7

United States v. Walser, 3 F.3d 380, 386 (11th Cir. 1993) (quotation marks and citation omitted). Severance is not required when "the possible prejudice may be cured by a cautionary instruction." Id. at 387.

Mr. Slaughter concedes that his counts were properly joined. He argues, however, that the District Court abused its discretion in refusing to bifurcate his trial "because Count Two required proof that Mr. Slaughter was required to register as a sex offender, which was prejudicial to his presumption of innocence on Count One." However, our review of the record does not demonstrate an abuse of discretion by the trial judge. The only additional evidence presented to the jury as to Count Two was a stipulation that Mr. Slaughter was required to register as a sex offender at the time he committed his enticement offense. The District Court read a limiting instruction about the purpose of this stipulation; Mr. Slaughter was allowed to draft the limiting instruction; and the court accepted Slaughter's instruction as drafted. Although it is undoubtedly true that the content of the stipulation was prejudicial, the jury had already heard substantial, sexually explicit evidence that Mr. Slaughter intended to engage in sexual activity with two underage girls, and carried out plans to meet them at a hotel room. Based on this, any additional prejudice Mr. Slaughter suffered by introduction of the stipulation was not "compelling" to the extent that he "received an unfair trial." See Walser, 3 F.3d at 386; cf. Hersh, 297 F.3d at 1243 (rejecting appellant's argument that the

8

District Court should have ordered severance where he was prejudiced as to one count by spillover from "the emotionally charged and inflammatory evidence of child pornography" in the other). We conclude therefore that "the district court did not abuse its considerable discretion in denying [Mr. Slaughter's] motion to sever." See Hersh, 297 F.3d at 1244.

### C. CONVICTION FOR 18 U.S.C. § 2260A

Section 2260A makes it a felony offense punishable by an additional ten-years imprisonment for an individual required to register as a sex offender to commit certain enumerated felonies "involving a minor," including enticement of a minor under § 2422. 18 U.S.C. § 2260A. Mr. Slaughter's § 2260A conviction was predicated on his conviction for attempted enticement of a minor, in violation of 18 U.S.C. § 2422(b). Mr. Slaughter argues that his § 2260A conviction must be vacated because a § 2260A violation requires an "actual minor" to be involved in the offense, and here it is undisputed that his only contact was with government agents. Alternatively, he argues that because § 2260A's language is ambiguous as to whether an actual minor must be involved in the offense, he "should still prevail under the rule of lenity."

We decline Mr. Slaughter's invitation to reach the question of whether, without limitation, a § 2260A conviction always requires offense conduct involving an "actual minor," because determination of that issue is not necessary

9

for resolution of this appeal.  See Nat'l Adver. Co. v. City of Miami, 402 F.3d 1335, 1339 (11th Cir. 2005) ("Strict application of the ripeness doctrine prevents federal courts from rendering impermissible advisory opinions and wasting resources through review of potential or abstract disputes.").  Instead, because Mr. Slaughter's § 2260A conviction is predicated on his conviction for attempted enticement of a minor under § 2422, and because § 2422 expressly contains an attempt clause, see 18 U.S.C. § 2422(b), the issue before us is limited to whether Mr. Slaughter's conviction for attempted enticement of a minor under § 2422(b) is sufficient to sustain his conviction under § 2260A.

Our review is de novo when addressing matters of statutory interpretation. United States v. Rahim, 431 F.3d 753, 756 (11th Cir. 2005).

> When interpreting a statute, the starting point is the language of the statute itself.  In conducting this interpretation, we analyze the language of the provision at issue, the specific context in which that language is used, and the broader context of the statute as a whole.  If this analysis reveals that the provision has a plain and unambiguous meaning with regard to the particular dispute in the case and the statutory scheme is coherent and consistent, then our inquiry is complete.

United States v. Zuniga-Arteaga, 681 F.3d 1220, 1223 (11th Cir. 2012) (quotation marks, citations and alterations omitted).  But if having conducted this examination "an ambiguity in the language of the statute [remains] . . . , then we look to the legislative history for additional guidance as to Congress's intent."  Id. (quotation marks and citation omitted).  "If two reasonable readings of the provision remain

10

after this analysis, then the rule of lenity counsels us to choose the less harsh reading." Id.

Thus, to determine whether a violation of § 2260A predicated on a violation of § 2422 requires offense conduct involving an "actual minor," we begin by looking to the plain language of the statutory provisions at issue. Zuniga-Arteaga, 681 F.3d at 1223. And, because we are interpreting the interplay of two sections within the same title, we will "consider the provision as whole to determine whether the context gives the term a further meaning that would resolve the issue in dispute." See id. at 1224 (quotation marks omitted).

In pertinent part, § 2260A provides:

> Whoever, being required by Federal or other law to register as a sex offender, commits a felony offense involving a minor under section . . . 2422 . . . shall be sentenced to a term of imprisonment of 10 years in addition to the imprisonment imposed for the offense under that provision.

18 U.S.C. § 2260A. In turn, the relevant part of § 2422 provides:

> Whoever, using the mail or any facility or means of interstate or foreign commerce . . . knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

Id. § 2422(b).

From the plain language of § 2422(b), an individual may be convicted of that crime by attempting to entice a minor into sexual activity. Id. And, as Mr.

11

Slaughter acknowledges, it is equally clear that a defendant's mere "belief that a minor was involved is sufficient to sustain an attempt conviction under 18 U.S.C. § 2422(b)," even if the defendant's offense conduct did not involve an actual minor. See Root, 296 F.3d at 1227–28. The question that follows, then, is whether the plain language of § 2260A negates the plain language of § 2422(b), so that a defendant cannot be convicted of § 2260A without having committed conduct involving an actual minor, even if the same conduct would sustain a conviction for attempted enticement under § 2422(b).

We read nothing in the plain language of § 2260A that negates the plain language of § 2422(b). Rather, we read the language in each section to be complementary. Section 2260A limits liability to "felony offense[s] involving a minor." See 18 U.S.C. § 2260A. For purposes of the chapter where § 2260A is located, the term "'minor' means any person under the age of eighteen years." Id. § 2256(1). Similarly, § 2422(b) limits liability for enticement to conduct involving "an[] individual who has not attained the age of 18 years." See id. § 2422(b). Thus, considered together, these two sections operate to criminalize enticement and attempted enticement of an individual under the age of eighteen years, and when such an offense is committed by a registered sex offender, that defendant faces an additional ten years in prison. And because a violation of § 2422(b) does not require an actual minor due to its attempt clause, Root, 296 F.3d at 1227,

12

neither does a violation of § 2260A require the involvement of an actual minor when that violation is predicated on a violation of § 2422.

"With that indication of the term's meaning, we turn to the broader context provided by other sections of the statute for further guidance." Zuniga-Arteaga, 681 F.3d at 1224 (quotation marks and alterations omitted). Congress has demonstrated its ability to limit liability to those offenses involving an "actual minor." In the same chapter as § 2260A, where it criminalized trafficking in child pornography, Congress included the phrase "actual minor" three times. See 18 U.S.C. §§ 2252A(a)(3)(B)(ii), (c)(2) & (e). We accept this as further support for our conclusion that a conviction for § 2260A predicated on § 2422 does not require offense conduct involving an actual minor. See Russello v. United States, 464 U.S. 16, 23, 104 S. Ct. 296, 300 (1983) ("Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (quotation marks and alterations omitted)).

Finally, "the congressional goal of protecting minors victimized by sexual crimes" supports this interpretation of § 2260A. See United States v. Daniels, 685 F.3d 1237, 1250 (11th Cir. 2012). We have consistently sought to honor this goal "and reach . . . holding[s] that aim[] to protect minors—not make conviction more difficult for crimes that affect them." See id.; see, e.g., id. (rejecting appellant's

13

argument that he could not be convicted of enticement under § 2422(b) because he did not know the age of his victim); United States v. Farley, 607 F.3d 1294, 1325 (11th Cir. 2010) (rejecting the argument that there cannot be a sexual crime involving a minor where the defendant's conduct did not involve a minor); Root, 296 F.3d at 1227 (same); cf. United States v. Lebovitz, 401 F.3d 1263, 1268–70 (11th Cir. 2005) (upholding application of sentencing guidelines enhancements based on age of child victim even though no child existed). We cannot say that this stated purpose would be furthered by treating a recidivist sex offender better simply because he enticed somebody he believed to be a child, rather than an actual child.

Viewed together, the text, structure and purpose of the statute make plain the meaning of § 2260A's text: the provision assigns additional punishment for offenses committed against minors by registered sex offenders, and when a § 2260A conviction is predicated on a violation of § 2422, a defendant may be convicted even where his conduct did not involve an actual minor. Thus, Mr. Slaughter was properly convicted for § 2260A based on his conviction for § 2422(b), and his status as a registered sex offender when he committed that offense. Because we find no ambiguity about the meaning of this provision, we need not consider its legislative history, and we reject Mr. Slaughter's alternative

14

argument that he should still prevail under the rule of lenity.  See <u>Zuniga-Arteaga</u>, 681 F.3d at 1223.

## III.    CONCLUSION

For these reasons, Mr. Slaughter's convictions are

**AFFIRMED.**