[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10681
Non-Argument Calendar

_____

D.C. Docket No. 2:18-cr-14006-KAM-1


UNITED STATES OF AMERICA,

                                                            Plaintiff-Appellee,

versus

DONDELL CYRUS DAVIDSON,

                                                            Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 5, 2020)


Before ROSENBAUM, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Dondell Davidson appeals his convictions for enticing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, in violation of 18 U.S.C. § 2251(a) and (e) (Count One), and committing a felony offense involving a minor while being required to register as a sex offender, in violation of 18 U.S.C. § 2260A (Count Two).  He asserts the district court erred in denying his motion to sever the two counts because his status as a registered sex offender was only relevant to Count Two and was highly prejudicial as to Count One.  Davidson contends severing the claims would not have resulted in delay or impairment and the district court did not cure the prejudice through its limiting jury instruction.  After review,[1] we affirm the district court.

Where the union of offenses in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, either party may file a motion for severance, by which the district court "may order separate trials of counts . . . or provide any other relief that justice requires."  Fed. R. Crim. P. 14(a).  Rule 14 "requires a trial court to balance the rights of the defendants and the government to a trial that is free from the prejudice that may result from joint trials against the public's interest in efficient and economic administration of justice."  *United States v. Novaton*, 271 F.3d 968, 989 (11th Cir. 2001) (quotations omitted).  "In order to justify reversal of a [d]istrict [c]ourt's

---

[1] We review the denial of a motion to sever for an abuse of discretion.  *United States v. Slaughter*, 708 F.3d 1208, 1213 (11th Cir. 2013).

denial of a motion to sever, the appellant must demonstrate that he received an unfair trial and suffered compelling prejudice.  This is a heavy burden, and one which mere conclusory allegations cannot carry." *United States v. Slaughter*, 708 F.3d 1208, 1213 (11th Cir. 2013) (quotations omitted).  "Severance is not required when the possible prejudice may be cured by a cautionary instruction." *Id.* (quotations omitted).  We must assess, by considering all of the specific circumstances in the instant case, whether "it is within the capacity of jurors to follow a court's limiting instructions and appraise the independent evidence against a defendant solely on that defendant's own . . . conduct in relation to the allegations contained in the indictment and render a fair and impartial verdict." *United States v. Hersh*, 297 F.3d 1233, 1243 (11th Cir. 2002) (quotations omitted).

Davidson cannot satisfy his burden of showing he received an unfair trial and suffered compelling prejudice from the denial of his motion to sever.[2]  *See Slaughter*, 708 F.3d at 1213.  First, the district court provided jury instructions that specifically instructed the jury to only consider the stipulation that he was a registered sex offender with respect to Count Two.  This Court assumes, unless presented with other evidence, that a jury follows instructions.  *See United States v.*

---

[2] Davidson does not contest the two charges against him were properly joined.  As a result, Davidson had abandoned any argument there was improper joinder.  *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (stating to raise a claim or issue on appeal, a defendant must plainly and prominently address the matter in his appellate brief, or else it is abandoned).

3

*Walser*, 3 F.3d 380, 387 (11th Cir. 1993). Davidson has provided no evidence to the contrary. Second, contrary to Davidson's contention, the sex offender registration documents were relevant to Count One to establish that the phone number associated with the messages sent to A.J. belonged to Davidson, as it was the same phone number listed on his registration. Third, the district court properly weighed the level of prejudice, the efficiency of bifurcation, and the ability to remedy any possible prejudice. *See Novaton*, 271 F.3d at 989. The district court, in its discretion, determined that, by disclosing Davidson's status as a sex offender as part of *voir dire* in order to "flush out any jurors who [were] going to be biased or prejudiced or unable to presume him not guilty," and by allowing a special curative instruction, the court could limit the possible prejudice. Davidson has not shown the district court abused its discretion in making that determination.

Additionally, the facts here are similar to those in *Slaughter*. There, we determined the district court did not abuse its discretion in denying the defendant's motion to sever two charged counts where the defendant was charged with use of the internet to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b) (Count One), and commission of a felony involving a minor while being required to register as a sex offender, in violation of 18 U.S.C. § 2260A (Count Two). 708 F.3d at 1210-11, 1213-14. The only additional evidence provided with respect to Count Two was the defendant's stipulation he

4

was required to register as a sex offender when he committed the enticement offense in Count One. *Id.* at 1213. The district court read a limiting instruction, written by the defendant and accepted by the district court as written, about the use of the stipulation. *Id.* We noted "the jury had already heard substantial, sexually explicit evidence that [the defendant] intended to engage in sexual activity with two underage girls, and carried out plans to meet them at a hotel room." *Id.* As a result, any additional prejudice the defendant suffered through the introduction of his stipulation was not compelling enough to establish he received an unfair trial, given the evidence already presented to the jury. *Id.*

Similarly, the jury heard substantial evidence detailing Davidson's request for sexually explicit videos and images from a minor. The jury also heard testimony relating to his messages asking A.J. when they could perform sexually explicit acts together, even after Davidson learned that A.J. was underage. While Davidson argues that *Slaughter* was wrongly decided, we are bound to apply *Slaughter* unless it is overruled by this Court, sitting en banc, or by the Supreme Court. *See United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009).

Accordingly, we affirm Davidson's convictions.

**AFFIRMED.**