[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-10088

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

VINCE EDWARD LASANE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:19-cr-00241-RBD-DCI-1

_____

Before LAGOA, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Vince LaSane appeals his convictions for attempted entice-ment of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b), and commission of a felony offense by a regis-tered sex offender, in violation of 18 U.S.C. § 2260A.  He contends the district court erred by failing to instruct the jury that, to sustain a conviction under § 2260A, the felony offense must have involved an actual minor.  LaSane asserts our decision in *United States v. Slaughter*, 708 F.3d 1208 (11th Cir. 2013), addressing this issue was wrongly decided, and he asks us to adopt the reasoning of *United States v. Beck*, 957 F.3d 440 (4th Cir. 2020), which he contends held that an actual minor must be involved in the felony offense for a § 2260A conviction.  After review,[1] we affirm.

Under § 2260A, a person required to register as a sex of-fender that commits a felony offense "involving a minor" under § 2422 "shall be sentenced to a term of imprisonment of 10 years in

---

[1] "We review *de novo* the jury instructions given by the district court to de-termine whether they misstate the law or mislead the jury to the objecting party's prejudice." *United States v. Gomez*, 580 F.3d 1229, 1233 (11th Cir. 2009) (quotation marks omitted).  If the instructions accurately state the law, the trial judge has wide discretion to determine their style and wording, and we will review them only for abuse of that discretion. *United States v. Kenny*, 185 F.3d 1217, 1222 (11th Cir. 1999).

addition to the imprisonment imposed for the offense under that provision." 18 U.S.C. § 2260A. In *Slaughter*, we held that, when a conviction under § 2260A is predicated on a violation of § 2422(b), the involvement of an actual minor is not required and "a defendant may be convicted even where his conduct did not otherwise involve an actual minor." 708 F.3d at 1216. We noted our prior precedent holding an attempt conviction under § 2422(b) can be sustained by the defendant's mere belief that a minor was involved, even if the offense conduct did not involve an actual minor, and we concluded that nothing in the plain language of § 2260A negated the plain language of § 2422(b). *Id.* at 1215. We determined § 2260A operates to assign additional punishment for a § 2422(b) offense if that offense is committed by a registered sex offender, and because a violation of § 2422(b) does not require an actual minor due to its attempt clause, neither does a violation of § 2260A when predicated on it. *Id.* at 1216.

The district court did not err in instructing the jury that, to convict under § 2260A, it must find only that LaSane committed a felony offense under § 2422(b) and was required to register as a sex offender at the time that he committed it. Those requirements are derived from the plain language of the statute, and our law does not require the additional element that the felony offense involve an actual minor. *See id.* Caselaw from the Fourth Circuit is not binding upon this Court, and under our prior panel precedent rule, we are bound by our holding in *Slaughter*. *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) (stating under our prior

panel precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*"). Accordingly, we affirm.

**AFFIRMED.**