In the

# United States Court of Appeals

## For the Seventh Circuit

No. 23-2976

CHARLES W. CHRISTOPHER,

*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 4:22-cv-4187 — **Sara Darrow**, *Chief Judge.*

ARGUED APRIL 8, 2025 — DECIDED AUGUST 18, 2025

Before HAMILTON, LEE, and MALDONADO, *Circuit Judges.*

LEE, *Circuit Judge.* Charles Christopher pleaded guilty to attempting to entice a minor to engage in unlawful sexual activity in violation of 18 U.S.C. § 2422(b) and to committing a felony offense "involving a minor" while under a reporting requirement in violation of 18 U.S.C. § 2260A. The latter offense was predicated on his § 2422(b) conviction.

The following year, Christopher filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on several grounds, including ineffective assistance of counsel. As he saw it, his § 2260A conviction was invalid because his § 2422(b) attempt offense did not involve a minor but instead involved a government agent pretending to be a minor. Christopher faulted his counsel for failing to challenge the § 2260A charge on this basis or advise him that the charge was legally defective before his guilty plea.

The district court rejected Christopher's interpretation of § 2260A and denied relief. We agree with the district court. Even if we were to assume that Christopher's counsel's performance was deficient, Christopher was not prejudiced by his counsel's actions because his conviction for attempted enticement of a minor under § 2422(b) triggers § 2260A. We therefore affirm.

**I**

In 2020, while on supervised release for a previous conviction for attempting to entice a minor to engage in illicit sexual activity, Christopher began sending online messages to someone he believed to be a 15-year-old girl. Unbeknownst to him, he was really communicating with an undercover law enforcement agent.

At one point, Christopher requested a video call, and the agent joined the call, posing as the child. But for whatever reason, Christopher could not hear anything she was saying during the call, and his camera appeared to be malfunctioning. So, they ended the call, and Christopher and the agent continued their conversation via text messages.

During that exchange, Christopher made explicit sexual references, laying bare his desire to have sex with the 15-year-old girl. He asked if he could pick her up and go to a hotel. The agent gave Christopher an address, and the next morning Christopher drove there with alcoholic beverages in tow (which he had agreed to bring for her).

Law enforcement agents observed Christopher circling the neighborhood in his vehicle and then parking a block away from the given address. He then walked to the residence, where the agents arrested him.

Christopher was charged in a two-count superseding indictment with attempted enticement of a minor in violation of 18 U.S.C. § 2422(b) and committing one of several enumerated felony sex offenses, while being required to register as a sex offender, in violation of 18 U.S.C. § 2260A. He subsequently entered a plea of guilty to both counts. The district court held a change-of-plea hearing on August 5, 2021, during which the court conducted a thorough plea colloquy, ensuring Christopher was entering his plea knowingly and voluntarily.

A few months later, the court sentenced Christopher to 144 months of imprisonment on the attempted enticement count and the mandatory 120 months of imprisonment on the § 2260A count, which by statute had to be served consecutively. *See* 18 U.S.C. § 2260A. The district court also sentenced Christopher to an additional 24 months of custody for violating his supervised release, and it imposed lifetime supervised release for the new convictions. Christopher appealed but later filed a motion to dismiss his appeal, which we granted.

Christopher then moved under § 2255 to vacate his conviction and sentence. In that motion, he asserted, among other things, that he was actually innocent of the § 2260A charge because the offense did not involve a real minor and that his counsel was ineffective for allowing him to plead guilty without raising that argument in violation of his Sixth Amendment right to counsel. The district court denied the motion without an evidentiary hearing, concluding, in relevant part, that Christopher's counsel had not provided constitutionally ineffective assistance by advising him to plead guilty to the § 2260A offense. *See* 28 U.S.C. § 2255(b) (requiring an evidentiary hearing unless the records of the case conclusively show that the prisoner is entitled to no relief). The court declined to issue a certificate of appealability.

Christopher sought appellate review and requested a certificate of appealability from this court. We granted this request as to one issue: whether Christopher's counsel was ineffective for not arguing that, for § 2260A to apply, a predicate offense "involving a minor" must involve an actual minor.[1] We appointed counsel, and the parties briefed the issue.

## II

The centerpiece of this appeal is 18 U.S.C. § 2260A, which provides, in pertinent part:

Whoever, being required by Federal or other law to register as a sex offender, commits a felony offense

---

[1] Christopher collaterally attacked his conviction and sentence on two other grounds. The district court rejected those arguments and declined to certify the issues for appeal. Our review is limited to the sole question that we certified.

*involving a minor* under section 1201, 1466A, 1470, 1591, 2241, 2242, 2243, 2244, 2245, 2251, 2251A, 2260, 2421, 2422, 2423, or 2425, shall be sentenced to a term of imprisonment of 10 years in addition to the imprisonment imposed for the offense under that provision.

18 U.S.C. § 2260A (emphasis added). Christopher maintains on appeal that his counsel was ineffective for failing to argue and advise him that he could not have violated § 2260A because it required the predicate offense to be based on conduct targeting a real minor.

A federal prisoner may bring an ineffective assistance of counsel claim in a collateral proceeding under § 2255, alleging a violation of his Sixth Amendment right to counsel. *See Norweathers v. United States*, 133 F.4th 770, 775 (7th Cir. 2025) (citing *Massaro v. United States*, 538 U.S. 500, 509 (2003)). To prevail, the claimant must satisfy the two-part test announced in *Strickland v. Washington*. *See Bridges v. United States*, 991 F.3d 793, 803 (7th Cir. 2021) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). This test requires the claimant to show both that counsel's performance was deficient and that the claimant was prejudiced as a result. *See Strickland*, 466 U.S. at 687. It is not an easy test to satisfy. Deficient performance and prejudice "are at best difficult showings to make." *Lickers v. United States*, 98 F.4th 847, 857 (7th Cir. 2024) (quoting *Ebert v. Gaetz*, 610 F.3d 404, 411 (7th Cir. 2010)), *reh'g denied*, No. 22-1179, 2024 WL 2848676 (7th Cir. June 5, 2024), and *cert. denied*, 145 S. Ct. 407 (2024).

The first inquiry, deficient performance, turns on whether "counsel's conduct 'fell below an objective standard of reasonableness.'" *Anderson v. United States*, 94 F.4th 564, 581 (7th Cir. 2024) (quoting *Strickland*, 466 U.S. at 688). To mitigate the

distortive effects of hindsight, our scrutiny of counsel's performance is "highly deferential," and we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

To establish the second showing, prejudice, Christopher must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

We examine the performance and prejudice prongs of *Strickland* sequentially, reviewing *de novo* any legal questions that arise. *See White v. United States*, 8 F.4th 547, 551 (7th Cir. 2021) (citing *Waagner v. United States*, 971 F.3d 647, 653 (7th Cir. 2020)).

## A

We begin by reviewing whether counsel's representation fell below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 687–88. Christopher contends that counsel's performance was deficient because he did not consider, much less argue, that § 2260A did not cover Christopher's attempt violation under § 2422(b). According to Christopher, the phrase "involving a minor" in § 2260A limits the provision's applicability to felony offenses targeted at real minors and excludes offenses targeted at adult members of law enforcement. 18 U.S.C. § 2260A. Thus, Christopher argues, because it was undisputed that no real minor was implicated in the conduct underlying his § 2422(b) conviction, his counsel's failure to challenge the § 2260A charge was objectively unreasonable.

In applying the objective standard of reasonableness to assess counsel's performance, we generally defer to counsel's

strategic decisions. *See Bridges*, 991 F.3d at 803. Yet that deference only goes so far. As the Supreme Court has held:

> [S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.

*Hinton v. Alabama*, 571 U.S. 263, 274 (2014) (quoting *Strickland*, 466 U.S. at 690–91).

Thus, counsel's "ignorance of a point of law that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance under *Strickland*." *Bridges*, 991 F.3d at 803 (first quoting *Hinton*, 571 U.S. at 274; and then citing *Osagiede v. United States*, 543 F.3d 399, 409 (7th Cir. 2008) (explaining that "all lawyers that represent criminal defendants are expected to know the laws applicable to their client's defense," and where "simple computer research would have turned [those laws] up," counsel is ineffective for failing to rely on them absent a strategic justification) (citation modified)).

That said, "[w]e have long recognized the general principle that the Sixth Amendment does not require counsel to forecast changes or advances in the law." *Coleman v. United States*, 79 F.4th 822, 831 (7th Cir. 2023) (citation modified). And just "because an argument has some remote chance of prevailing does not mean that a lawyer is constitutionally deficient for failing to bring it." *Lickers*, 98 F.4th at 857. "Nevertheless,

'there are some circumstances where [defense counsel] may be obliged to make, or at least to evaluate, an argument that is sufficiently foreshadowed in existing case law.'" *Coleman*, 79 F.4th at 831 (quoting *Bridges*, 991 F.3d at 804).

Based on these principles, the adequacy of Christopher's counsel's performance depends on whether, at the time of Christopher's plea, case law sufficiently foreshadowed the argument that § 2260A requires a predicate offense based on conduct targeted at a real minor. If existing case law portended that argument, then Christopher's counsel performed deficiently for failing to raise it, absent some strategic reason for the decision. Alternatively, if the argument was so far afield from extant precedent that requiring counsel to have raised it would have, in effect, demanded counsel to forecast the law, then counsel's performance was reasonable under the Sixth Amendment.

We have considered similar questions in the past. In *Coleman*, for example, the petitioner claimed that his counsel's failure to inform him of the government's intention to seek to enhance his sentence based on prior state cocaine-related convictions amounted to a violation of his Sixth Amendment rights. *See* 79 F.4th at 825. We concluded that it would have been objectively unreasonable for counsel to have not considered a categorical challenge to the government's reliance on those prior state cocaine convictions. *See id.* at 832. By the time of the petition, such a challenge would have succeeded. *See id.* at 831. And at the time of the petitioner's sentencing, "numerous" decisions had at least foreshadowed the groundwork for such categorical challenges, *id.*, and our case law recognized that a challenge to cocaine delivery predicate offenses "was neither novel … nor foreclosed," *id.* at 832 (quoting *White*, 8

F.4th at 557). As such, we rejected the government's argument that the categorical approach was too new at the time of the petitioner's sentencing to have been recognized by competent defense counsel. *Id.* at 832.

Similarly, in *Bridges*, the petitioner claimed that his lawyer should have argued that Hobbs Act robbery, to which the petitioner pleaded guilty, did not qualify as a crime of violence under the applicable sentencing guidelines, so the petitioner would not have been categorized as a career offender. *See* 991 F.3d at 797. We held that counsel's apparent failure to investigate or raise a challenge to the career offender enhancement could have been deemed deficient performance and remanded the case for a hearing on the petitioner's allegations. *See id.* at 804–05.

In reaching this conclusion, we observed that "it would not have taken long" at the time of the petitioner's plea "for counsel to have found the Tenth Circuit decision holding that Hobbs Act robbery is not a crime of violence" under the applicable guideline amendment. *Id.* at 805. And we recognized that other existing federal appellate opinions had discussed the new guideline definition of crime of violence and its applicability to the Hobbs Act. *See id.* at 805–06.

Here, whether Christopher's counsel's performance was similarly deficient is a close call. At the time of Christopher's plea, only three cases had addressed the argument that a § 2260A conviction predicated on a § 2422(b) attempt offense requires conduct targeting a real minor. The two federal courts of appeals to have considered the issue rejected the argument that Christopher makes here. *See United States v. Slaughter*, 708 F.3d 1208, 1216 (11th Cir. 2013); *United States v. Fortner*, 943 F.3d 1007, 1010 (6th Cir. 2019). The remaining

case, from the Eastern District of Pennsylvania, held the opposite. *See United States v. Dahl*, 81 F. Supp. 3d 405, 411 (E.D. Pa. 2015).[2]

Thus, whether these cases foreshadowed the argument Christopher thinks his counsel should have made is not as plain as in *Coleman* or *Bridges*. Those cases considered the degree to which the Sixth Amendment requires counsel to anticipate legal arguments based on cases that were supportive of them. By contrast, here, Christopher's counsel was faced with two federal appellate decisions flatly rejecting Christopher's view of § 2260A.

And yet, even though *Slaughter* and *Fortner* opposed Christopher's interpretation of § 2260A, they were not controlling and, at the time of Christopher's plea, provided a blueprint for the "actual minor" challenge that the text of the statute arguably suggests. *See Brock-Miller v. United States*, 887 F.3d 298, 311 (7th Cir. 2018) ("Reading statutes and discerning their plain meaning is neither convoluted nor sophisticated; it is what lawyers must do for their clients every day."); *see also Bridges*, 991 F.3d at 805 (explaining that "[w]ith modern methods of legal research, it would not have taken long" for counsel to have found the pertinent case).

---

[2] Christopher also references a case from the First Circuit, *United States v. Jones*, 748 F.3d 64, 71–72 (1st Cir. 2014), in support. But that case does not help him. In fact, after discussing the Eleventh Circuit's decision in *Slaughter*, the First Circuit in *Jones* observed that the petitioner had "done no more than raise the possibility of a reasonable dispute about what § 2260A requires" and his "preferred approach to the actual-child issue [was] far from obvious." *Id.* at 73.

And so, rather than answering this thorny question, we, like the district court, take the more restrained approach and assume without deciding that counsel performed deficiently by forgoing a challenge to the § 2260A charge and failing to advise Christopher of that potential challenge before he pleaded guilty.[3] This brings us to prejudice.

**B**

As the Supreme Court stated in *Strickland*, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. Accordingly, unless Christopher can demonstrate a reasonable probability that, but for his counsel's deficient performance, the result of his sentence would have been different, he is not entitled to relief. *See id.* at 694.

A defendant claiming prejudice in the plea context must make two showings. First, he "must show the outcome of the

---

[3] Because we do not decide whether Christopher's counsel performed deficiently, we also need not address whether counsel's failure to contest the § 2260A charge was strategic. The question of whether counsel acted strategically is the subject of Christopher's motion to supplement the record pursuant to Federal Rule of Appellate Procedure 10(e)(2). Christopher attached to his motion an affidavit from his counsel, which attests that his failure to raise this issue was not strategic but an unfortunate oversight. Although not material to the disposition of this appeal, for the sake of completeness, we deny Christopher's motion to supplement the record because the affidavit is brand new evidence not previously presented to the district court and not omitted or misstated from the record by error or accident. *See* Fed. R. App. P. 10(e)(2); *Ruvalcaba v. Chandler,* 416 F.3d 555, 562 n.2 (7th Cir. 2005) ("[W]e generally decline to supplement the record on appeal with materials that were not before the district court.").

plea process would have been different with competent advice." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012). And, where, as here, a defendant claims that ineffective assistance led to the improvident entry of a guilty plea, we ask whether, but for counsel's errors, the defendant "would not have pleaded guilty and would have insisted on going to trial." *Brock-Miller*, 887 F.3d at 311 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Second, a defendant must prove that, but for the deficient representation, "it is reasonably probable that the judge would have imposed a lower sentence." *Resnick v. United States*, 7 F.4th 611, 619 (7th Cir. 2021) (first quoting *Day v. United States*, 962 F.3d 987, 992 (7th Cir. 2020); and then citing *Lafler*, 566 U.S. at 164).

Christopher's petition falters on this second showing. "[W]here," as Christopher acknowledges, "the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the prejudice inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." *Hill*, 474 U.S. at 59 (internal quotation marks omitted). Dismissal of the § 2260A charge would have reduced Christopher's sentence by 10 years. *See* 18 U.S.C. § 2260A. Therefore, to evaluate prejudice, we must examine the merit of Christopher's interpretation of § 2260A.

As explained, Christopher reads § 2260A to require targeting of a "real-life minor." Alternatively, Christopher argues that he should prevail under the rule of lenity, because the ambiguity in § 2260A's language must be construed in his favor.

We review a district court's interpretation of a statute *de novo*, *see United States v. Miller*, 883 F.3d 998, 1003 (7th Cir. 2018), and we start with the plain language in § 2260A. *See River Rd. Hotel Partners, LLC v. Amalgamated Bank*, 651 F.3d 642, 648–49 (7th Cir. 2011) ("When attempting to decipher the proper interpretation of a statute, we begin by determining 'whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case.'") (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997)), *aff'd sub nom.*, *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639 (2012).

In doing so, we must be mindful that the "meaning attributed to a phrase 'depends upon reading the whole statutory text, considering the purpose and context of the statute, and consulting any precedents or authorities that inform the analysis.'" *Id.* at 649 (quoting *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 7 (2011)). We give "words their ordinary meaning unless the context counsels otherwise." *United States v. Webber*, 536 F.3d 584, 593 (7th Cir. 2008) (citing *McCarthy v. Bronson*, 500 U.S. 136, 139 (1991)). And "[i]f we find that the language in a statute is unambiguous, we will not conduct further inquiry into its meaning and enforce the statute in accordance with its plain meaning." *River Rd.*, 651 F.3d at 649.

Taking another look at the language of § 2260A, it provides that "[w]hoever, being required by Federal or other law to register as a sex offender, commits a felony offense *involving a minor* under [various enumerated sections, including § 2422], shall be sentenced to a term of imprisonment of 10 years." 18 U.S.C. § 2260A (emphasis added). Christopher focuses on the word "minor," which § 2256 (the provision that

lays out definitions for words that appear in the chapter) defines as "any person under the age of eighteen years." 18 U.S.C. § 2256(1). From this, he reasons that the predicate offense must entail a "person," that is, an actual minor. But what are we to make of the word "involving?"

As Christopher points out, "involving" is not defined in § 2256 or elsewhere in the chapter. And so, referring to English dictionaries, he points to one common definition of "involve"—"to require as a necessary accompaniment." *Involve*, Merriam-Webster's Collegiate Dictionary 660 (11th ed. 2020). This restrictive definition, Christopher posits, supports his reading of the statute.

But this is not the only commonly used definition of the word "involve." Another is "to relate closely." *Id.* Under this definition, the phrase "involving a minor" does not necessarily mean that the offense *must* entail an actual minor; it is more flexible and casts a broader net.

Two things convince us that this broader reading of "involving a minor" is the better one. First, like our sister circuits, we think it significant that other provisions in the chapter use the phrase "actual minor" when referring to real minors. *See, e.g.,* 18 U.S.C. § 2252A(a)(3)(B)(ii) (prohibiting the knowing advertising, promoting, presenting, distributing, or soliciting of "a visual depiction of an actual minor engaging in sexually explicit conduct"); *id.* § 2252A(c)(2) (establishing the affirmative defense that "the alleged child pornography was not produced using any actual minor or minors"). And, because these provisions predated § 2260A, it is reasonable to think that Congress would have used "actual minor" in § 2260A if it wanted to limit the provision's reach to offenses targeting real minors. *See Slaughter*, 708 F.3d at 1216; *Fortner*, 943 F.3d at

1010; *United States v. Carnell*, 972 F.3d 932, 939 (7th Cir. 2020) ("When 'Congress includes particular language in one section of a statute but omits it in another' a court must presume that Congress intended a difference in meaning.") (quoting *Russello v. United States*, 464 U.S. 16, 23 (1983)).

Second, recall that Christopher was convicted under § 2422(b) for *attempting* to persuade, induce, entice, or coerce a minor to engage in illicit sexual activity. This is important because, to obtain a conviction for an attempt crime, the government need only prove that "the defendant intended to complete the crime and took a substantial step toward its completion." *See United States v. Sanchez*, 615 F.3d 836, 843 (7th Cir. 2010) (citation modified). Thus, for an attempt offense under § 2422(b), it is not necessary for the intended target to be a real minor so long as the defendant *believed* that the target was a real minor, intended to entice the target into illegal sexual activity, and took a substantial step to carry out his plan. *See Fortner*, 943 F.3d at 1011 (observing that, for many attempt crimes, "real victims of any sort frequently are not needed"). In this way, such offenses "involve a minor" even though the target may not be an actual minor.

For his part, Christopher acknowledges that § 2422(b) has an attempt component but points out that § 2260A does not. To him, this is a material distinction. Presumably, Christopher means to argue that § 2260A is directed at a subset of § 2422(b) offenses, those implicating actual minors, as compared to attempt offenses that do not. The problem with this reasoning is that it presupposes that "involving a minor" means an actual minor. If one were to adopt the more expansive construction, Christopher's distinction would disappear.

Christopher also contends that the broader construction of "involving a minor" would render that phrase surplusage. This is incorrect. Some of the statutes enumerated in § 2260A address conduct targeted at adults as well as minors. *See, e.g.*, 18 U.S.C. § 1201 (kidnapping), § 2421 (transporting individual with intent such individual engage in criminal sexual activity). Therefore, the phrase "involving a minor" in § 2260A does the work of limiting its scope to conduct intended to target minors (real or not).

Thus, like our sister circuits that have addressed the issue, we conclude that § 2260A encompasses a defendant's § 2422(b) violation of attempting to entice into criminal sexual activity a law enforcement agent whom the defendant believes to be a minor. *See Slaughter*, 708 F.3d at 1215; *Fortner*, 943 F.3d at 1009.[4]

Lastly, Christopher invokes the rule of lenity. But the rule "only applies if, after considering text, structure, history, and purpose, there remains a grievous ambiguity or uncertainty in the statute such that the court must simply guess as to what Congress intended." *Maracich v. Spears*, 570 U.S. 48, 76 (2013) (citation modified). As we have explained, the text, structure, and context of § 2260A has provided us with an answer; the rule of lenity has no role to play here.

In sum, the district court was correct to reject Christopher's Sixth Amendment ineffective assistance of counsel claim. Because the argument Christopher wishes his counsel

---

[4] We decline to follow the district court's decision in *Dahl*, 81 F. Supp. 3d at 405, which focused almost exclusively on the word "minor" without giving much consideration to the entire phrase "involving a minor."

had made lacks merit, Christopher has not demonstrated that his counsel's failure to make the argument prejudiced him as *Strickland* requires.

### III

For the foregoing reasons, we AFFIRM the district court's judgment denying Christopher's 28 U.S.C. § 2255 petition to vacate, set aside, or correct his sentence.