[PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 22-12078

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOSEPH FUREY LUSK,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:21-cr-14036-AMC-1

————————————————

Before WILSON, LUCK, and LAGOA, Circuit Judges.

LAGOA, Circuit Judge:

Joseph Lusk pled guilty to attempted enticement of a minor in violation of 18 U.S.C. § 2422(b) and committing a felony offense involving a minor while required to register as a sex offender in violation of 18 U.S.C. § 2260A. At his sentencing, the district court imposed an enhancement for being a "repeat and dangerous sex offender against minors" based on Lusk's prior Florida-state conviction for traveling to meet a minor after soliciting a guardian. The district court sentenced him to 355 months' imprisonment followed by a lifetime of supervised release. Lusk appeals his conviction under § 2260A, the application of the enhancement, and the reasonableness of his 355-month sentence. After careful review, and with the benefit of oral argument, we affirm in part, vacate in part, and remand to the district court for resentencing.

## I.    FACTUAL & PROCEDURAL BACKGROUND

### A.  Lusk's Criminal Conduct

In October 2018, Lusk was convicted in Florida state court of traveling to meet a minor after soliciting a parent, legal guardian, or custodian, in violation of Florida Statute § 847.0135(4)(b). be-lieved that he had been communicating with a stepparent whose minor stepchild was "curious about adult things." The "stepparent" was an undercover law enforcement officer. Lusk expressed interest in the minor child and sent nude photos of himself to the officer. When they made a plan to meet up, the officer asked Lusk to buy a specific candy bar for the twelve-year-old. Lusk bought the candy bar, and law enforcement arrested him after he left the

store and drove to the designated undercover location. Lusk was charged with traveling to meet a minor after soliciting a guardian, pled no contest, was sentenced to 48-months' imprisonment followed by 72 months of probation, and was required to register as a sex offender under both federal and Florida law. He was released from the Florida Department of Corrections on July 5, 2021, after serving his prison term.

Less than a month after being released from Florida state prison, Lusk began engaging in predatory sexual conversations with someone who he believed to be a minor. On August 1, 2021, Lusk sent a friend request to a user on a social media site called Moco Space. The user was an undercover investigator from the Martin County Sheriff's Office. Once they linked as "friends," the investigator asked Lusk to contact her on a texting app called Kik, where they chatted back and forth for four weeks. Once they were connected on Kik, the investigator told Lusk that she was a fifteen-year-old girl. Lusk asked if she liked older men and whether her mother knew that she was dating older men. He sent the investigator pictures of his face and asked for her pictures in return. Lusk's messages soon became graphic: he told the investigator he would like to "get naked and ruff [sic] house" and that he wanted to "bend u [sic] over my knee and spank u." He sent her YouTube videos of young girls dancing and posing provocatively and asked if the investigator was "going to shake ur [sic] booty like that." Lusk asked if she was "naked yet" and scolded her for not having shown her naked body to him. When the investigator mentioned that it was raining out, Lusk suggested she "run around in it with

a white t-shirt [and] no bra on."  The investigator said that she had gotten soaked while running to the mailbox, and Lusk replied, "oh wow send me a pic lol."  He told the investigator that "maybe one day soon I can getaway [sic] and come see you."

The next day, the investigator told Lusk she needed to take a shower.  Lusk replied that he would "love to scrub ur [sic] whole body for u [sic] and use my tongue too."  He told the investigator that he was "wild kinky n [sic] freaky in bed" and that he wanted to "lick n [sic] nibble on ur [sic] luscious boobies and hard nipples [and] slowly lick on u r [sic] kitty and get it all wet and lick around ur [sic] booty and make ur [sic] scream for more."  Lusk continued, telling the investigator that he was "into oral[,] anal bareback[,] give creampies[,] im [sic] into spanking choking tie n [sic] up using toys or objects[,] fisting[,] want to try anal fisting too [and] pulling hair."  Lusk summed up his interests, telling the investigator, "basically I want a total dirty cum slut in bed."

Later in their conversation, the investigator told Lusk that she planned to go swimming at a friend's house.  Lusk stated that he would "just love to see video of u 2 [sic] playing if that's what yall [sic] do with each other."  He asked the investigator if she was bisexual and suggested that she "experiment to see what u [sic] like and don't like."  Several days later, Lusk sent the investigator two photos of his erect penis.  On August 18, 2021, Lusk asked the investigator to send a photo of herself "naked n [sic] shower" and told her "I want u [sic] naked around me."

Based on all this, law enforcement obtained a warrant and arrested Lusk at his home on August 31, 2021. In a post-*Miranda* interview, Lusk admitted to chatting with the investigator, whom he believed to be a fifteen-year-old child, on social media. He also admitted that he sent photos of his penis to the investigator and asked for pictures of her "a couple of times." He also acknowledged that he was a registered sex offender at the time.

A grand jury then returned an indictment for attempted enticement of a minor in violation of 18 U.S.C. § 2422(b) (Count 1) and committing a felony involving a minor while being required to register as a sex offender in violation of 18 U.S.C. § 2260A (Count 2).

### B. The Motion to Dismiss

Lusk moved to dismiss Count 2, arguing that the government could not convict him because his conduct did not involve an actual minor. In his view, because § 2260A does not criminalize *attempting* to commit a felony involving a minor—but only the completed offense—the involvement of a minor is a necessary element of the charge. Lusk acknowledged, though, that this position is foreclosed by *United States v. Slaughter*, 708 F.3d 1208 (11th Cir. 2013),[1] and conceded that he was only preserving the issue in case

---

[1] *Slaughter* holds that § 2260A does not "require the involvement of an actual minor when that violation is predicated on a violation of § 2422" because "a violation of § 2422(b) does not require an actual minor due to its attempt clause." 708 F.3d at 1215 (citing *United States v. Root*, 296 F.3d 1222, 1227 (11th Cir. 2002)).

*Slaughter* is overturned.  The government responded, arguing that *Slaughter* is binding and that Lusk's conduct—communicating with a person he believed to be a minor and asking the "minor" to create sexually explicit images—was sufficient to sustain a conviction.

At a hearing on the motion to dismiss, the district court agreed that *Slaughter* controlled and acknowledged that Lusk raised the issue for preservation purposes.  Lusk agreed that he was merely preserving the argument and rested on his written motion.  The government likewise rested on its papers.  The district court denied the motion to dismiss Count 2 in light of *Slaughter* and issued a paperless order to the same effect.

Lusk then pled guilty to Counts 1 and 2, and, in his proffer, Lusk agreed to the facts described above.  The district court accepted Lusk's plea and adjudicated him guilty.  The plea agreement was conditional and provided that Lusk would be permitted to appeal the district court's order denying his motion to dismiss Count 2 on the basis that his violation of § 2260A did not involve an actual minor.

### C. Lusk's Sentencing

Before sentencing, a probation officer prepared a presentence investigation report ("PSI") incorporating the same facts Lusk admitted in his proffer.  The PSI explained that Counts 1 and 2 could not be grouped because § 2260A prescribes a ten-year term of imprisonment that runs consecutively to any other sentence and because U.S.S.G. § 3D1.1(b)(1) prohibits grouping of counts that require consecutive sentences.    As  to  Count  1,  U.S.S.G.  §

2G1.3(a)(3) set Lusk's base offense level at 28.  The PSI then added two levels pursuant to U.S.S.G. § 2G1.3(b)(3)(A) because the offense involved a computer, increasing his offense level to 30.  The PSI then determined that Lusk was a repeat and dangerous sex offender against minors based on his 2018 Florida conviction for traveling to meet a minor after soliciting a guardian.    Under U.S.S.G. § 4B1.5(a)(1), therefore, his offense level became 37.  The PSI then deducted two points for acceptance of responsibility, resulting in a total offense level of 35.

The PSI then considered Lusk's prior convictions.[2] His 2018 Florida conviction warranted three criminal history points.  The PSI added an additional two criminal history points because Lusk committed the instant offense while still serving part of his sentence (probation) for that 2018 conviction.  His five criminal history points placed him in criminal history category III.  But the PSI then classified Lusk as a repeat and dangerous sex offender against minors, converting his criminal history category to V under U.S.S.G. § 4B1.5(a)(2).[3]  The PSI also noted that Lusk had one other pending charge—a probation violation in the 2018 Florida case.

---

[2] Aside from the convictions we discuss here, Lusk's criminal history includes writing bad checks, third degree battery, littering, driving with a suspended license, failure to appear, theft of property, theft of property as a habitual offender, second degree forgery, and simple assault.

[3] U.S.S.G. § 4B1.5(a)(2) provides:

> In any case in which the defendant's instant offense of conviction is a covered sex crime, § 4B1.1 (Career Offender) does not apply, and the defendant committed the instant offense of

As to Lusk's personal characteristics, the PSI stated that Lusk was placed in foster care as an infant after his biological father abused him. After three years in foster care, he was adopted by John and Joan Lusk. Lusk was raised in a middle-class lifestyle and reported mental and emotional abuse from his adopted father. Lusk's adopted mother is deceased, and he has not had contact with his adopted father in twenty years. Lusk had sporadic contact with his biological mother after he was adopted but has not had contact with her since 2020 or 2021. Lusk graduated from high school and completed a handful of college credits before dropping out due to financial limitations and a lack of interest. He served in the Army from 1991 to 1997 and was discharged under honorable conditions, though his discharge was due to misconduct. Between his arrests and incarceration, Lusk worked sporadically as a mechanic and laborer. Lusk has been married three times and has one adult child with his second wife and two minor children (at the time of the PSI) with his third wife. The PSI noted that Lusk owed about $15,000 in child support for his two younger children and that the children's mother did not allow Lusk to contact their daughters after his 2018 sex-offense conviction.

---

conviction subsequent to sustaining at least one sex offense conviction: . . .

(2) The criminal history category shall be the greater of: (A) the criminal history category determined under Chapter Four, Part A (Criminal History); or (B) criminal history Category V.

22-12078                 Opinion of the Court                      9

Regarding sentencing options, for Count 1, the PSI stated that the statutory minimum term of imprisonment was ten years, and the maximum was life. Lusk's guideline range for Count 1 (offense level 35, criminal history category V) was 262–327 months. As to Count 2, the PSI explained that a mandatory sentence of ten years must run consecutive to the sentence imposed for Count 1. As to both Counts 1 and 2, Lusk was subject to a term of supervised release between five years (required by statute) and life, to run concurrently on both Counts.

Lusk objected to the enhancement for being a repeat and dangerous sex offender against minors (the "Chapter 4 Enhancement").[4] He argued that his 2018 Florida conviction for traveling to meet a minor after soliciting a guardian, in violation of Florida Statute § 847.0135(4)(b), could not be considered a "sex offense conviction" for purposes of the enhancement because there is no analogous federal offense that would qualify as a "sex offense conviction." The government responded that Lusk's Florida conviction was substantively similar to a violation of § 2422(b), which criminalizes the use of interstate commerce to persuade or entice a minor to engage in sexual activity. And, the government pointed out, like Lusk's Florida conviction, a defendant can be convicted under § 2422(b) for communicating with an adult intermediary rather

---

[4] Lusk also objected to the PSI's failure to give him the third point for acceptance of responsibility. While the PSI credited him two points for acceptance, it did not give him the third point for timely notifying the government of his intent to plead guilty—nor did the government move to award him the third point. This issue is not germane to the appeal.

than an actual child. For these reasons, the government maintained that Lusk's Florida conviction was properly considered a prior "sex offense conviction" and the Chapter 4 Enhancement should apply.

In its PSI Addendum, Probation agreed with the government. The Addendum explained that, pursuant to U.S.S.G. § 4B1.5 cmt. n.3(A)(ii), a "'sex offense conviction' (I) means any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B), if the offense was perpetrated against a minor; and (II) does not include trafficking in, receipt of, or possession of, child pornography." And according to § 2426(b)(1), a "prior sex offense conviction" means a conviction for an offense either "(A) under this chapter (meaning chapter 117), chapter 109A, chapter 110, or section 1591"; or (B) under state law "for an offense consisting of conduct that would have been an offense under a chapter referred to in subparagraph (A) if the conduct had occurred within the special maritime and territorial jurisdiction of the United States." The Addendum described how Lusk's prior Florida conviction was similar to his conviction here—attempted enticement of a minor to engage in sexual activity in violation of § 2422(b), which is a chapter 117 offense. Thus, the Addendum reasoned, because the Florida conviction is an offense under state law consisting of conduct that would have been an offense under a chapter identified in subparagraph A (chapter 117) if it occurred within federal jurisdiction, the Florida conviction satisfies the criteria for the repeat-and-dangerous-sex-offender enhancement under Chapter 4.

22-12078                 Opinion of the Court                 11

At the sentencing hearing, Lusk renewed his objection to the Chapter 4 Enhancement and argued that the district court had to apply the categorical approach to determine whether his Florida conviction qualified as a sex offense under one of the applicable federal statutes.[5] Because he solicited a parent rather than a child, Lusk argued that his conduct did not amount to a sex offense under federal law. He also argued that the Florida statute of conviction was broader than any potential federal analogue because the Florida statute did not require that the enticing communications be shared with the child. Lusk concluded that the Florida statute was overbroad in comparison to federal law. The government, for its part, rested on its written response to Lusk's objection and added only its view that the elements of the Florida offense are narrower than chapter 117, such that any conviction under the Florida statute would also be a chapter 117 crime. For support, the government pointed to *United States v. Lee*, 886 F.3d 1161 (11th Cir. 2018), and *United States v. Murrell*, 368 F.3d 1283 (11th Cir. 2004), both affirming convictions for enticement to commit sexual acts with a child when the defendants communicated only with an adult, not directly with a child.

The district court overruled Lusk's objection as follows:

---

[5] Under the categorical approach, "the sentencer should ask only about whether 'the defendant had been convicted of crimes falling within certain categories,' and not about what the defendant had actually done." *Mathis v. United States*, 579 U.S. 500, 511 (2016) (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)).

I'm going to overrule the objection on this point, I think conducting a categorical analysis of the relevant statute, which in this case it's undisputed is [Florida Statute § 847.0135], subsection 4B, that offense would qualify under – excuse me[,] would qualify as a sex offense within the meaning of the Chapter 4 enhancement.

Clearly, the offense prohibits offenses perpetrated at minors and categorically, he was traveling to meet a minor. The fact that he communicated with a legal guardian of a minor for the purpose of participating or at least attempting to participate in prohibited sexual conduct with a minor doesn't take it outside of the bounds of the federal analogue, and with respect to the commentary in the guidelines itself, I think clearly the offense was perpetrated at a minor within the commentary, so for those reasons, the Court will overrule the objection.

The district court sustained Lusk's objection to the failure to include the additional one-level reduction for acceptance of responsibility. It also confirmed with the probation officer that Lusk's new guideline range was 235- to 293-months' imprisonment as to Count 1 and a mandatory consecutive 10-year sentence as to Count 2.

Lusk then raised a new objection—that the consecutive sentences double-counted his Florida conviction because both the Chapter 4 Enhancement on Count 1, and the entirety of Count 2, depended on his Florida conviction. Probation explained that, no, the guideline range related only to Count 1 because the statute

22-12078                Opinion of the Court                13

charged in Count 2 required a consecutive term. Probation directed the district court and the parties to Paragraph 20 of the PSI, which reads as follows:

> According to § 2A3.6(b), since the defendant was convicted of 18 U.S.C. § 2260A, the guideline sentence is the term of imprisonment required by statute. Chapters Three (Adjustments) and Four (Criminal History and Criminal Livelihood) shall not apply to this count. Pursuant to § 3D1.1(b)(1), any count for which the statute specifies a term of imprisonment to be imposed and requires that such term of imprisonment be imposed to run consecutively to any other term of imprisonment is excluded from being grouped with any other count. Sentences for such counts are governed by the provisions of § 5G1.2(a), which states that the sentence to be imposed on a count for which the statute specifies a term of imprisonment to be imposed and requires that such term of imprisonment be imposed to run consecutively to any other term of imprisonment shall be determined by that statute and imposed independently.

Lusk maintained his objection to consecutive sentences, arguing that this model "double counts" the conduct underlying his Count 2 conviction because that same conduct was also the basis for the Chapter 4 Enhancement. Lusk argued that, without that enhancement, the guideline range for Count 1 would be 87 to 108 months. Counsel then clarified that she understood that the law requires the district court to impose a ten-year consecutive sentence on Count 2, but that the additional imposition of the Chapter 4 Enhancement

14                  Opinion of the Court                  22-12078

as to Count 1 still resulted in "double counting" the conduct underlying Lusk's Florida conviction.

The government responded that the objection was untimely and, in any event, Count 2 was a separate offense with a separate statutory sentencing requirement. Probation clarified only that, if the Chapter 4 Enhancement were not applied, the guideline range would be 120 to 150 months, not 87 to 108 months as defense counsel suggested. The district court then overruled Lusk's objection because (1) it was untimely, as the PSI expressly stated at Paragraph 92 that the sentence for Count 2 would run consecutively to the sentence for Count 1, and (2) Lusk's position lacked any legal support. The district court then recited the proper calculation of Lusk's guideline range, addressed remaining objections to the conditions of Lusk's supervised release, and adopted the PSI.

The government requested a sentence at the high end of the guideline range, relying especially on Lusk's recidivism within only a few weeks of being released from his previous prison sentence. Because of his repeat-offender status and the month-long duration of Lusk's sexual communications with a fictitious child, the government continued, his conduct could not be excused as a mistake or lapse in judgment. The government also stressed that Lusk was aware that his behavior was illegal, and—instead of ceasing it—he tried to hide it by telling the investigator that his probation officer was visiting as if to prevent "the girl" from texting during the visit.[6]

---

[6] We are not sure that this is a faithful reading of the text transcript. Lusk told the investigator, "My [probation officer] is stopping by after 8. . . . It be ok im

Lusk requested 240 months' imprisonment, comprising ten years as to each count, running consecutively.  In support, Lusk reiterated that the Chapter 4 Enhancement drastically increased his guideline range even though that same prior conduct (the Florida conviction) was already accounted for in his conviction on Count 2.  Lusk claimed that he was suffering a "snowball" effect in that his prior conviction led to (1) the Chapter 4 Enhancement, (2) an additional enhancement for re-offending while under a criminal justice sanction, and (3) his Count 2 conviction and consecutive sentence. Lusk argued that a twenty-year sentence was sufficient because his crime did not involve an actual minor, he did not harm any minor, he did not solicit an in-person meeting with the fictitious minor, and he had not yet had the benefit of sex-offender treatment when he committed the crime.  Lusk also told the district court that he would be less likely to reoffend in the future because he would have

_____

not doing anything wrong," and the investigator replied, "Ok I will not txt u [sic] then."  Lusk did not ask the investigator not to text him or otherwise suggest he was intentionally hiding the conversation from his probation officer.  But this discrepancy does not weigh on the issues before us on appeal. And in any event, at other times in their chat, Lusk told the undercover investigator things like "Ok babe I just want you to know and understand if im cautious or I get quite [sic] at times I delete ur [sic] messages and photos im actually not aloud [sic] to talk to anyone under 18."  When the investigator offered, "we can stop talking I don't want u [sic] to get into any trouble," Lusk replied, "[i]t's ok I won't get in trouble. . . . They don't ask me about my fone [sic] anyways and if they do they wont find anything."  In other words, there is evidence in the text log to show that Lusk consciously hid his communications with the investigator from his probation officer because he knew he was not allowed to contact minors.

the benefit of sex-offender treatment while in prison and would be better positioned to reintegrate into society. In sum, Lusk accepted that the district court had to impose a ten-year consecutive sentence on Count 2 and asked that, in determining the sentence for Count 1, the district court consider the weight of that consecutive sentence and his "double counting" arguments and impose only ten years (far below the bottom of the guideline range). Lusk declined to speak on his own behalf.

The district court confirmed that it had considered the statements of the parties, the PSI, and the statutory factors set forth in 18 U.S.C. § 3553(a), and the court announced that it would impose a sentence at the low end of the guidelines, which was sufficient to satisfy the § 3553(a) factors. In particular, the district court noted the need to deter Lusk from "his deplorable conduct, soliciting sex with minors, something which he has now done repeatedly . . . within a very short period of time of being released from state custody for a similar offense." The district court also singled out the "highly disturbing" nature of Lusk's communications with the fictitious minor, his attempts to conceal his sex offender status in those communications, and his incomplete cooperation with his registration requirements, e.g., he had failed to disclose all his social media accounts. For these reasons, the district court sentenced Lusk to 235 months' imprisonment as to Count 1 and 120 months as to Count 2, to be served consecutively. The district court then recited the additional terms of his sentence, including no fine, a lifetime term of supervised release with standard and special conditions, and a $200 special assessment. Lusk's counsel preserved

objections to the procedural and substantive reasonableness of the sentence.  This appeal now ensues.

## II.    STANDARDS OF REVIEW

"We review de novo the interpretation and application of the Sentencing Guidelines." *United States v. Cingari*, 952 F.3d 1301, 1305 (11th Cir. 2020).  And we review de novo questions of statutory interpretation. *Slaughter*, 708 F.3d at 1214.  We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Curtin*, 78 F.4th 1299, 1311 (11th Cir. 2023).  In challenging the reasonableness of a sentence, the defendant "has the burden of establishing the sentence is unreasonable in light of the record and the § 3553(a) factors." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

## III.    ANALYSIS

Lusk raises three issues on appeal.  First, he argues that the district court erred when it applied the "repeat and dangerous sex offender against minors" enhancement (the Chapter 4 Enhancement) based on his prior conviction for traveling to meet a minor after soliciting a guardian, in violation of Florida Statute § 847.0135(4)(b).  Second, he challenges the procedural and substantive reasonableness of his total 355-month sentence and lifetime sex-offender registry requirement.  Finally, he appeals the district court's denial of his motion to dismiss Count 2 (as contemplated in his conditional plea agreement) on the basis that his conviction under § 2260A cannot stand because no actual minor was involved.

We address these issues in turn.

### A. The Chapter 4 Enhancement Does Not Apply

Lusk first argues that the district court erred when it applied the "repeat and dangerous sex offender against minors" enhancement—the Chapter 4 Enhancement—based on his prior Florida conviction for traveling to meet a minor after soliciting a guardian, in violation of Florida Statute § 847.0135(4)(b). We agree, for reasons we now explain.

We review "de novo the district court's interpretation of criminal statutes and sentencing guidelines." *United States v. Krawczak*, 331 F.3d 1302, 1305 (11th Cir. 2003). To preserve an issue for review, a party must raise the issue clearly enough that the district court understands the objection. *United States v. Brown*, 934 F.3d 1278, 1306 (11th Cir. 2019). But "once a party has preserved an issue, it may 'make any argument in support of that claim; parties are not limited to the precise arguments they made below.'" *Id.* at 1306–07 (quoting *Yee v. City of Escondido*, 503 U.S. 519, 534 (1992)).

As a preliminary matter, we reject the government's argument that Lusk is entitled only to plain-error review. At sentencing, Lusk specifically invoked the categorical approach and urged the district court to follow that approach in determining whether his Florida state conviction justified the Chapter 4 Enhancement. Lusk has developed his argument further on appeal, and he properly preserved his position that a categorical analysis applies. He is therefore entitled to de novo review. *See Brown*, 934 F.3d at 1306–07.

22-12078                Opinion of the Court                19

We now turn to the merits.  The Chapter 4 Enhancement applies when:

> [T]he defendant's instant offense of conviction is a covered sex crime, § 4B1.1 (Career Offender) does not apply, and the defendant committed the instant offense of conviction subsequent to sustaining at least one sex offense conviction.

U.S.S.G. § 4B1.5(a). The application notes provide that:

> "Sex offense conviction" (I) means any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B), if the offense was perpetrated against a minor; and (II) does not include trafficking in, receipt of, or possession of, child pornography.

*Id.* § 4B1.5 cmt. n.3(A)(ii).[7]  And 18 U.S.C. § 2426(b)(1), in turn, provides that:

---

[7] In his reply brief, Lusk raises the new argument that we should not consider the guideline comment at all and, instead, should look only to the text of the guideline itself.  But Lusk made no such argument either before the district court or in his initial brief.  We recognize that our en banc decision in *United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023) (en banc), came out after Lusk filed his initial brief, but this is not just a matter of Lusk adding a new citation to his reply brief.  Rather, Lusk raised the entire argument about applicability of the commentary, for the first time, in his reply brief.  He has therefore forfeited the issue.  *United States v. Levy*, 379 F.3d 1241, 1244 (11th Cir. 2004) ("[T]his Court . . . repeatedly has refused to consider issues raised for the first time in an appellant's reply brief."); *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 683 (11th Cir. 2014) (similar).  Moreover, this new addition raised in the reply brief contradicts Lusk's own position in his initial brief, where he agrees—based on the commentary—that "for a prior state conviction to

[T]he term "prior sex offense conviction" means a conviction for an offense—

> (A) under this chapter [chapter 117], chapter 109A, chapter 110, or section 1591; or

> (B) under State law for an offense consisting of conduct that would have been an offense under a chapter referred to in subparagraph (A) if that conduct had occurred within the special maritime and territorial jurisdiction of the United States.

Read together, and as relevant to Lusk, the Chapter 4 Enhancement applies if Lusk's Florida conviction would have been an offense under chapters 117, 109A, or 110, or under § 1591, had it occurred within the federal jurisdiction. So, we turn to the Florida statute under which Lusk was convicted. Florida Statute § 847.0135(4)(b) provides:

> **Traveling to meet a minor.**—Any person who travels any distance either within this state, to this state, or from this state by any means, who attempts to do so, or who causes another to do so or to attempt to do so for the purpose of engaging in any illegal act described in chapter 794, chapter 800, or chapter 827, or

---

constitute a 'prior sex offense conviction' it must criminalize conduct that would have been an offense under" § 2426(b)(1)(A). All of this is to say, because Lusk's *Dupree* objection was not preserved for our review, we do not decide it. That is, we leave for another day whether U.S.S.G. § 4B1.5(a) is ambiguous, and this opinion should not be read to take any position on that question.

to otherwise engage in other unlawful sexual conduct with a child or with another person believed by the person to be a child after using a computer online service, Internet service, local bulletin board service, or any other device capable of electronic data storage or transmission to:

. . .

> (b) Solicit, lure, or entice or attempt to solicit, lure, or entice a parent, legal guardian, or custodian of a child or a person believed to be a parent, legal guardian, or custodian of a child to consent to the participation of such child in any act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in any sexual conduct,

commits a felony of the second degree, punishable as provided in § 775.082, § 775.083, or § 775.084.

Finally, the parties seem to agree that the relevant federal analogue is found in § 2422(b), which criminalizes coercion or enticement of a child as follows:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under

this title and imprisoned not less than 10 years or for life.

Here, we reach our first question (and the parties' first disagreement): in determining whether Lusk has a prior conviction for a sex offense, do we apply a categorical analysis to the Florida statute? Or do we look at Lusk's conduct of conviction?[8] The proper method for assessing a prior conviction for the purposes of the Chapter 4 Enhancement is a matter of first impression in this Circuit. We find instructive, however, the Third Circuit's reasoning in *United States v. Dahl*, 833 F.3d 345 (3d Cir. 2016). In *Dahl*, to decide whether a prior conviction qualifies as a "sex offense" for purposes of the Chapter 4 Enhancement, our sister circuit "delve[d] into the facts to determine whether the victim was a minor, [but] continue[d] to apply the categorical approach to the underlying elements of the predicate offense." *Id*. at 352.

Dahl pled guilty to multiple crimes involving the use of interstate commerce to engage minors in sexual activity. *Id*. at 348. He had several prior state-court convictions for sexual offenses against children, so the district court applied the Chapter 4

---

[8] The parties dispute whether our precedent in *United States v. Breitweiser*, 357 F.3d 1249 (11th Cir. 2004), controls our analysis here. For two reasons, we conclude that *Breitweiser* is inapplicable. First, in *Breitweiser*, we parsed a different enhancement, 18 U.S.C. § 2247, which comprises different language and a different structure from the enhancement at issue here. *See* 357 F.3d at 1255–56; *compare* 18 U.S.C. § 2247, *with* U.S.S.G. § 4B1.5(a)(2). Second, even if *Breitweiser* addressed the same enhancement, its analysis would be of little instructive value because the district court in this case did not rely on extrinsic documents, like the plea colloquy at issue in *Breitweiser*. *See* 357 F.3d at 1255–56.

Enhancement to his sentence. *Id.* On appeal, Dahl argued (for the first time) that application of this enhancement was plain error because his state convictions were not categorical sex offenses. *Id.* The Third Circuit agreed, in light of the Supreme Court's directive that, in determining whether a prior conviction qualifies as a predicate offense for a sentencing enhancement, that a court "must apply the categorical approach" and "'look only to the statutory definitions'—*i.e.*, the elements—of a defendant's prior offenses, and *not* 'to the particular facts underlying those convictions.'" *Id.* at 349 (emphasis in original) (quoting *Descamps v. United States*, 570 U.S. 254, 261 (2013)). Only if the statute of conviction requires the same elements as a federal analogue can the prior conviction serve as a predicate. *Id.* But, if the statute of the prior conviction sweeps more broadly than the federal analogue or generic crime, "a conviction under that law cannot count as a predicate, even if the defendant actually committed the offense in its generic form." *Id.* at 350 (alterations adopted) (emphasis omitted) (quoting *Descamps*, 570 U.S. at 261).

And the court in *Dahl* further explained, the approach does not change when the enhancement refers to "conduct" in its text. *Id.* (citing *Johnson v. United States*, 576 U.S. 591, 604 (2015)). Rather, "the important textual reference for triggering the categorical approach is 'conviction,' not 'conduct.'" *Id.* (citing *Johnson*, 576 U.S. at 604–05); *see also Johnson*, 576 U.S. at 604–05 ("This emphasis on convictions indicates that 'Congress intended the sentencing court to look only to the fact that the defendant had been convicted of crimes falling within certain categories, and not to the facts

underlying the prior convictions.'" (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990))); *Mathis v. United States*, 579 U.S. 500, 511 (2016) ("By enhancing the sentence of a defendant who has three 'previous convictions' for generic burglary, § 924(e)(1)—rather than one who has thrice committed that crime—Congress indicated that the sentencer should ask only about whether 'the defendant had been convicted of crimes falling within certain categories,' and not about what the defendant had actually done." (quoting *Taylor*, 495 U.S. at 600)).

The court in *Dahl* concluded that the categorical approach applied to a court's review of a Chapter 4 Enhancement, with one limited exception: a court may conduct a factual inquiry only to determine if the qualification giving rise to the enhancement is satisfied. *Dahl*, 833 F.3d at 351 (citing *Nijhawan v. Holder*, 557 U.S. 29 (2009)). In reaching this conclusion, the *Dahl* court cited to *Nijhawan*, the Supreme Court's decision where the Court held that where a certain immigration statute applied to people with convictions for aggravated felonies, including "an offense that . . . involves fraud or deceit in which the loss to the victim or victims exceeds $10,000," the district court could properly engage in a "circumstance-specific" inquiry to determine whether the qualifying limitation—the $10,000 threshold—was satisfied. 557 U.S. at 38–40 (quoting 8 U.S.C. § 1101(a)(43)(M)(i)). The Supreme Court, however, *only* excluded the monetary threshold from categorical treatment, *id.* at 40, leading the Third Circuit in *Dahl* to conclude that the categorical approach should still be applied to the remaining elements of the statute at issue. *See Dahl*, 833 F.3d at 352. The

Third Circuit reasoned, therefore, that it should "delve into the facts to determine whether [Dahl's] victim was a minor, [but] continue to apply the categorical approach to the underlying elements of the predicate offense." *Id.*

We agree that the Third District's reasoning in *Dahl* is the correct approach, given the guardrails the Supreme Court set out in *Descamps*, 570 U.S. 254; *Johnson*, 576 U.S. 591; and *Mathis*, 579 U.S. 500. Given these strictures, we are compelled to conclude that the district court erred in its application of the Chapter 4 Enhancement because the Florida statute under which Lusk was previously convicted is broader than the federal analogue. The Florida conviction cannot, therefore, qualify as a predicate offense. As we have said, the Florida statute of Lusk's prior conviction criminalizes traveling to meet a minor to engage in "any illegal act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in other unlawful sexual conduct" after soliciting a parent or guardian for access to the minor. Fla. Stat. § 847.0135(4). The least culpable conduct that could sustain a conviction under this statute appears to be traveling to meet a minor for the purpose of contributing to the delinquency of a child, in violation of section 827.04(1)(a). That is plainly not a sex offense.[9] Because the Florida statute under which Lusk was previously convicted sweeps more broadly than

---

[9] The statute under which Lusk was convicted also includes in its sweep traveling to meet a minor to engage in neglecting the child, in violation of section 827.03(2)(b) or (d), or to engage in mentally abusing the child, in violation of section 827.03(2)(c). These crimes, like contributing to the delinquency of a child, are heinous—but they are not sex offenses.

the comparable federal statute, we cannot consider it a categorical sex offense.[10]  *See Descamps*, 570 U.S. at 261.

## B.  Lusk's Sentence is Not Reasonable

Lusk next challenges the substantive reasonableness of his sentence.  He argues that the sentence was unreasonable for the following reasons: (1) it was based on an improper guidelines calculation; (2) it did not adequately take into consideration the § 3553(a) factors; and (3) it was disproportionate in comparison to other sex-offender sentences.

We review the substantive reasonableness of a sentence for an abuse of discretion. *United States v. Dixon*, 901 F.3d 1322, 1348 (11th Cir. 2018). The party challenging the sentence bears the burden to show that it is unreasonable in light of the record and the

---

[10] We note that, even if we were to find that section 847.0135(4)(b) is divisible, a modified categorical approach would lead us to the same conclusion.  Under the modified categorical approach, we may consider a limited set of documents—such as the indictment, jury instructions, plea agreement, and plea colloquy—to determine which specific crime, comprising which elements, the defendant committed.  *See Alvarado-Linares v. United States*, 44 F.4th 1334, 1342 (11th Cir. 2022); *Shepard v. United States*, 544 U.S. 13, 26 (2005).  Here, that exercise is futile because his state-court judgment—the only *Shepard* document the government filed on the record—provides only that he pled nolo contendere to the charge under section 847.0135(4)(b), with no specific facts.  Moreover, we have taken judicial notice of Lusk's state-court docket and an examination of the docket shows that the information under which Lusk was charged likewise recites the whole of section 847.0135(4)(b) and does not identify what illegal conduct he sought to commit against the minor.  This is to say, even under a modified categorical approach, we would similarly conclude that the record does not support application of the Chapter 4 Enhancement.

§ 3553(a) factors. *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018). We will vacate a sentence on reasonableness grounds only if "we 'are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors.'" *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)). A district court abuses its discretion "when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors" unreasonably. *Id.* at 1189 (quoting *United States v. Campa*, 459 F.3d 1121, 1174 (11th Cir. 2006) (en banc)). We consider whether a "sentence is substantively unreasonable under the totality of the circumstances and in light of the § 3553(a) factors." *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014). The district court is required to evaluate all of the § 3553(a) factors but has ample discretion to assign relative weight to each factor. *United States v. Ramirez-Gonzalez*, 755 F.3d 1267, 1272–73 (11th Cir. 2014); *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). Despite that discretion, a district court's unjustified reliance on any one § 3553(a) factor may be indicative of an unreasonable sentence. *Pugh*, 515 F.3d at 1191. The district court's imposition of a sentence well below the statutory maximum penalty is an indicator of reasonableness. *United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir. 2016).

Under § 3553(a), the district court must consider the nature and circumstances of the offense and the history and characteristics

of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense as well as to afford specific and general deterrence; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. A district court's decision to place "substantial weight" on a defendant's criminal history is consistent with the § 3553(a) factors because five of those factors relate to criminal history. *Rosales-Bruno*, 789 F.3d at 1263.

Our analysis begins and ends with Lusk's argument that the guideline range was improperly calculated because the Chapter 4 Enhancement should not have applied. As we explained in the previous section, we agree that Lusk's sentence was improperly enhanced. For this reason alone, we must remand for resentencing under the correct guideline calculations.[11]

### C. Lusk's 18 U.S.C. § 2260A Conviction Stands

Finally, Lusk challenges the validity of his conviction under § 2260A because no actual minor was involved in the conduct of his offense. This argument is plainly foreclosed by our binding precedent in *Slaughter*. In *Slaughter*, we held that when a conviction under § 2260A is predicated on coercion and enticement in violation of § 2422(b), "a defendant may be convicted even where his

---

[11] Because we agree that Lusk's sentence arose from an improper enhancement, we need not address his additional argument that the sentence was disproportionate. For the same reason, we decline to consider Lusk's challenge to the district court's consideration of the § 3553(a) factors.

conduct did not [otherwise] involve an actual minor." 708 F.3d at 1216. We are bound by that precedent. *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

Recall that, in this case, Lusk was indicted for and pled guilty to violating § 2422(b) by attempting to entice a minor using a facility and means of interstate commerce (Count 1) and to committing that specific offense while being required to register as a sex offender, in violation of § 2260A (Count 2). Under § 2260A, a person who is required to register as a sex offender and who commits a felony offense "involving a minor" under § 2422 (or a variety of other enumerated sections) "shall be sentenced to a term of imprisonment of 10 years in addition to the imprisonment imposed for the offense under that provision." Section 2422(b), in turn, provides that anyone who:

> using the mail or any facility or means of interstate or foreign commerce . . . knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

Lusk now argues—pursuant to a conditional plea that preserved his right to raise this issue on appeal—that the district court erred in denying his motion to dismiss Count 2 because no actual minor was involved in his violation of § 2422(b). In Lusk's view, the plain text of § 2260A requires that the predicate felony offense

30                    Opinion of the Court                    22-12078

be one "involving a minor." He urges us to interpret the statute according to its plain text and hold that an offense involving a fictitious minor cannot satisfy § 2260A. Lusk acknowledges that *Slaughter* controls but raises the argument for preservation purposes should *Slaughter* be overturned in the future.[12]

Because *Slaughter* is dispositive, we affirm Lusk's conviction for Count 2.

### IV.    CONCLUSION

Predatory crimes against children "are among the most egregious and despicable of societal and criminal offenses." *United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009). For the reasons discussed above, we affirm Lusk's conviction for those acts and affirm his sentence as to Count 2. We are compelled, however, to vacate his sentence as to Count 1 and remand the matter to the district court for resentencing in accordance with this opinion.

**AFFIRMED in part and VACATED in part and REMANDED for resentencing.**

---

[12] When Lusk filed this appeal, a pro se petition for writ of certiorari, challenging our reasoning in *Slaughter*, was pending before the Supreme Court. That petition has since been denied. *LaSane v. United States*, 143 S. Ct. 340 (2022).