[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10592

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MATTHEW LEON CHILCUTT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20449-KMM-1

_____

Before NEWSOM, LAGOA, and KIDD, Circuit Judges.

PER CURIAM:

Matthew Leon Chilcutt appeals his 36-month sentence, following a conviction for destruction of federal property after he broke into and vandalized a federal courthouse in Fort Lauderdale, Florida. He argues that his sentence was substantively unreasonable because, according to him, the district court failed to properly consider and weigh certain 18 U.S.C. § 3553(a) factors—such as his history of mental health issues and the fact that the offense occurred during a mental health crisis—when it imposed an upward variance. After careful review, we conclude that Chilcutt's sentence was not substantively unreasonable and affirm.

When reviewing a sentence's substantive reasonableness, we consider the totality of the circumstances under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). A district court abuses its discretion in imposing a sentence when it: (1) fails to consider relevant factors that were due significant weight; (2) gives an improper or irrelevant factor significant weight; or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). We vacate on substantive reasonableness grounds only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence outside the range of reasonable sentences as dictated by the facts of the

case. *Id.* at 1190. The party challenging the sentence bears the burden of showing that the sentence is unreasonable considering the record, the factors listed in § 3553(a), and the substantial deference afforded sentencing courts. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

The district court must consider several sentencing factors, including the nature of the offense, the defendant's characteristics and history, and the need for the sentence imposed to reflect the seriousness of the offense and to avoid sentencing disparities between similarly situated defendants. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (a)(6). Though the district court is required to consider all relevant § 3553(a) factors, "the weight given to each factor is committed to the sound discretion of the district court," and the district court may attach greater weight to one factor over the others. *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022). For example, we have held that a district court doesn't abuse its discretion in considering, and assigning substantial weight to, a defendant's criminal history in its § 3553(a) analysis. *Rosales-Bruno*, 789 F.3d at 1262–63.

Furthermore, the district court "need not state on the record that it has considered each of the § 3553(a) factors." *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007). Rather, an acknowledgment that it has considered the § 3553(a) factors is sufficient. *Id.* Sentences outside the guideline range are not presumptively unreasonable, but major upward variances require more significant justifications than minor ones. *United States v. Grushko*, 50 F.4th 1,

20 (11th Cir. 2022). "That an upward variance sentence is 'well below the statutory maximum' indicates that it is reasonable." *United States v. Riley*, 995 F.3d 1272, 1278 (11th Cir. 2021) (citation and quotation marks omitted); *id.* at 1280–81 (upholding as reasonable a 70-month sentence when the guideline range was 12 to 18 months' imprisonment and the statutory maximum sentence was 10 years).

Here, the district court didn't abuse its discretion in imposing a 36-month upward-variance sentence because it was well within its discretion to afford certain § 3553(a) factors more weight than others. *Butler*, 39 F.4th at 1355. At sentencing, the court stated (1) that it had considered the § 3553(a) factors; (2) that it had specifically entertained Chilcutt's argument that this offense was different from his prior offenses in that a mental health crisis, not alcohol or drugs, fueled his decision to break into the courthouse; and (3) that the guideline imprisonment range underrepresented the seriousness of Chilcutt's criminal history and the seriousness of the offense. The district court was entitled to consider Chilcutt's criminal history in determining an appropriate sentence, and it was not required to explain why it did not afford as much weight to other aspects of Chilcutt's history. *Rosales-Bruno*, 789 F.3d at 1262–63; *Turner*, 474 F.3d at 1281. And the record supports the court's observations that Chilcutt had a lengthy criminal history and that he caused significant damage to the federal courthouse. In other words, the court properly considered the relevant § 3553(a) factors and exercised its discretion to weigh some factors more heavily than others. *Turner*, 474 F.3d at 1281; *Butler*, 39 F.4th at 1355.

Additionally, a sentence falling well below the statutory maximum is an indicator of reasonableness, even when there is a significant upward variance. *Riley*, 995 F.3d at 1278. Here, 36 months' imprisonment is well below the 10-year statutory maximum for destruction of federal property, indicating reasonableness.

In sum, Chilcutt's sentence was not substantively unreasonable in light of the § 3553(a) factors because the district court stated that it had considered the § 3553(a) factors and Chilcutt's arguments regarding his mental state, had the discretion to assign more weight to Chilcutt's criminal history and the severity of the offense, and, even though it varied upward, imposed a sentence well below the statutory maximum of ten years' imprisonment. Accordingly, the district court did not abuse its discretion in imposing a 36-month, above-guideline-range sentence.[1]

**AFFIRMED.**

---

[1] Chilcutt's argument regarding amount of loss and leniency of sentences under § 2B1.1 was raised for the first time on appeal in his reply brief and will therefore not be considered. *United States v. Lusk*, 119 F.4th 815, 826 n.7 (11th Cir. 2024).